IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Alan F. Green (M-04763), )
 )
        Plaintiff, )
 )
                                              )     Case No. 16 C 8240
v. )
 )     Judge Charles R. Norgle
 )
Emmanuel Ibarra, )
 )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Alan F. Green, an Illinois prisoner, alleges that Defendant Correctional Officer Emmanuel Ibarra used excessive force by yanking Green's arm through a service window in his cell door without provocation, leaving Green with cuts and bruises. Green was found guilty of two disciplinary infractions related to those events—"assaulting any person – staff," and "damage or misuse of property"—and was sentenced, in part, to a loss of three months' good time credit. Defendant has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that the disciplinary findings bar Green's claims. For the reasons stated below, Defendant's motion is granted.

## I.    Northern District of Illinois Local Rule 56.1

Because Green is proceeding *pro se*, Defendant served him with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. (Dkt. 46.) The notice explained how to respond to Defendant's summary judgment motion and Rule 56.1 Statement and cautioned Green that the Court would deem Defendant's factual contentions admitted if he failed to follow the procedures delineated in Local Rule 56.1.

Local Rule 56.1 sets out a procedure for presenting facts that are germane to a party's request for summary judgment pursuant to Fed. R. Civ. P. 56. Specifically, Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." LR 56.1(a). The opposing party must file a response to each numbered paragraph in the moving party's statement, "including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." LR 56.1(b)(3)(C).

As contemplated by the Local Rule, Defendant filed a Local Rule 56.1(a)(3) Statement of Material Facts (Def. SOF) with his summary judgment motion. Green did not respond to Defendant's statement of facts or submit an additional statement of undisputed facts; he did, however, submit a response to the motion (Dkt. 49) and a request for production of documents (Dkt. 50), which included an affidavit and exhibits apparently in support Green's response. (Dkt. 50, pgs. 2-24.)

Although courts construe *pro se* pleadings liberally, *see Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016), a plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Collins v. Illinois*, 554 F.3d 693,

697 (7th Cir. 2009) ("[E]ven *pro se* litigants must follow procedural rules."). Because Green has failed to properly respond to Defendant's Rule 56.1 Statement of Undisputed Material Facts, the Court accepts Defendant's "uncontroverted version of the facts to the extent that it is supported by evidence in the record." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Within the boundaries of Green's admissions, the Court will, consistent with Green's *pro se* status, construe his submissions in the light most favorable to him, to the extent that he has pointed to evidence in the record or could properly testify himself about the matters asserted. *Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); Fed. R. Evid. 602. The Court notes, however, that the parties appear to agree regarding all relevant facts.

## II.    Factual Background

On September 7, 2014, Alan Green was housed in Stateville's Northern Reception and Classification Center (NRC)'s B-wing, cell 109, while Defendant correctional officer Emmanuel Ibarra was making his rounds, at approximately 2:30 a.m. (Def. SOF ¶¶ 1-4, 6; *see also* Dkt. 50, Pl. Affidavit (Pl. Aff.) ¶¶ 2-3.) Green's steel cell door had glass in the top half and a chuckhole (a smaller door, "about two to three feet from the floor," that is "much larger" than "a sheet of paper"), through which food and supplies can be passed, in the bottom half. (Green's Deposition (Pl. Dep.), Dkt 45-2, at 23:11-14; 31:6-12; 25:23-26:14, 31:6-12.)) Green had, from the inside of his cell, tied the chuckhole door open with a string but closed it as Officer Ibarra approached. (Def. SOF ¶ 14; *see also* Pl Aff. ¶ 2; Pl. Dep. at 27:8-11.) Officer Ibarra began attempting to remove the string. (Def. SOF ¶ 14; *see also* Pl Aff. ¶ 2.)

According to Green, as Officer Ibarra fumbled with the string through the chuckhole door, Green approached to verbally offer his assistance from the inside. (Def. SOF ¶¶ 15, 16; *see also* Pl. Aff. ¶ 4.) When Green then reached over to help, Officer Green sniped "[Y]ou are not so

3

tough," and batted Green's hand away. (Def. SOF ¶ 16; *see also* Pl. Aff. ¶ 5.) Green backed away from the door, and continued to observe Officer Ibarra through the glass in the cell door. (Def. SOF ¶ 16; see also Pl. Aff. ¶ 6.) Officer Ibarra reached through, snagged Green by his boxer shorts, and "tug[ged] an[d] pull[ed]." (Def. SOF ¶ 17; Pl. Aff. ¶ 5.) Green stepped back, and Ibarra released his hold on Green's boxers to grab Green's right arm, which he then pulled through the chuck hole opening. (Def. SOF ¶¶ 17-18; *see also* Pl. Aff. ¶¶ 6-7.) When Green's shoulder met the door, Ibarra slammed the chuckhole door down onto his arm until Green was able to free himself, ending the encounter. (Def. SOF ¶ 18; *see also* Pl Aff. ¶¶ 7-8.)

Ibarra issued Green a disciplinary report that labeled Green as the aggressor, stating that Green had "yanked [Officer Ibarra's] left arm inside the chuckhole causing injury and cuts to his shoulder" and citing him for assault for "grabb[ing] C/O's arm" and damage or misuse of property.[1] (Def. SOF ¶¶ 5-6, Dkt. 45-4.) The disciplinary committee considered evidence, which included Green's not guilty plea and statements from other inmates, some of whom saw Ibarra "pulling" something and leaning away from the cell door, and found Green guilty of the offenses. (Def. SOF ¶ 7; Dkt. 45-5, pgs. 1-2 (setting forth inmate statements and including as part of "basis for decision" that "R/O reflects that inmate Green M04763 yanked his left arm inside the chuckhole causing cuts to his shoulder and arm"); Dkt. 50 (same); Pl. Dep., at 39:15-18-23.) The committee imposed discipline, which included a revocation of three months' good time credits; although Green challenged that decision in several ways, the lost credits have not been restored. (Def. SOF ¶¶ 7-9, 11.)

---

[1] The Court understands this charge to relate to Green having impermissibly propped open the chuckhole door. (*See* Dkt. 45-4; Pl. Dep., at 24:13-24, 27:2-18 (explaining that "inmates can never open and close the chuckholes" and that putting string in the chuckhole is against policy).

4

### III. Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court gives "the non-moving party the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "must establish some genuine issue for trial such that a reasonable jury could return a verdict in [his or] her favor." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772-73 (7th Cir. 2012).

### IV. Analysis

The Court allowed Green to proceed on his amended complaint on a claim that Officer Ibarra's alleged use of force in injuring Green's arm through the chuckhole was objectively unreasonable under the circumstances. Officer Ibarra argues that record evidence demonstrates that Green's claims are inconsistent with the disciplinary findings that resulted in his loss of good time credits and thus are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In his response, Green insists that, the disciplinary findings notwithstanding, Officer Ibarra was the sole aggressor, needlessly and "sadistically" injuring him after he merely offered

his assistance. (Dkt. 49, pg. 2.) For the following reasons, Defendant's motion for summary judgment is granted.

### A. Green's Excessive Force Claim Is *Heck*-Barred.

In *Heck v. Humphrey*, the Supreme Court held that a § 1983 action for damages is unavailable (and thus does not accrue) if success would necessarily imply that a conviction or sentence is invalid unless the underlying conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid on habeas review. 512 U.S. 477, 486-87 (1994). A prison disciplinary action that results in the revocation of good conduct credits is the equivalent of a conviction or sentence for *Heck* purposes, and claims that necessarily imply the invalidity of the loss of good conduct credits thus are not cognizable under section 1983 until the prison disciplinary decision has been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) ("*Heck* forbids a prisoner in his civil rights case to challenge a finding in his criminal or prison-discipline case that was essential to the decision in that case; if he insists on doing that, the civil rights case must be dismissed.") (citing *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)). According to Officer Ibarra, *Heck* bars Green's § 1983 excessive force claim because the factual predicate for those claims is directly at odds with the disciplinary findings against him, which have not been invalidated.

Green steadfastly adheres to his version of events—while he peaceably offered his assistance in removing the obstruction he had placed in the chuckhole door, Officer Ibarra aggressively and unnecessarily grabbed his boxer shorts and then his right arm, and pulled hard enough to injure Green. Defendant argues that Green's contention of generally passive and solely defensive conduct conflicts with the still-valid the disciplinary findings that it was Green who initiated and maintained a tug-of-war of arms through the chuckhole door. The Court agrees.

Green was found guilty, in part, of assault, for yanking Officer Ibarra's left arm through the chuckhole door forcefully enough to cut Ibarra's arm. (Def. SOF ¶ 7; see also Dkt. 45-5; Dkt. 50.) The finding remains valid. (Def. SOF ¶¶ 7-9, 11; Pl Resp., Dkt. 49, pg. 1 (conceding that "Plaintiff lost his disciplinary hearing.")) Green protests that the unfavorable disciplinary result is irrelevant and that Defendant's argument "would disregard all the facts that the defendant used excessive force upon the plaintiff causing serious injuries to the plaintiff." (Dkt. 49, pg. 1-2.) He describes a scenario in which Ibarra, not he, did the arm-wrenching during their brief scuffle and insists that the statements of witnesses during his disciplinary proceeding support his version of events.

When considering whether *Heck* bars Green's excessive force claim, the Court "must consider the factual basis of the claim and determine whether it necessarily implies the invalidity of [the plaintiff's] conviction." *Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014). An excessive force claim is not *necessarily* inconsistent with a conviction or disciplinary finding that the plaintiff resisted arrest or also used force. *See Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (explaining that excessive force claim does not necessarily imply invalidity of conviction for resisting arrest); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Heck* and *Edwards* do not affect litigation about what happens after the [infraction] is completed."); *Boothe v. Sherman*, 190 F. Supp. 3d 788, 797-98 (N.D. Ill. 2016) (collecting cases holding that *Heck* does not bar all excessive force claims because plaintiff who resists arrest can behave peacefully at another time); *see also Tripp v. Carter*, No. 2:17-CV-00428-LJM-MPB, 2017 WL 4236571, at *2 (S.D. Ind. Sept. 25, 2017) (explaining that bar applies even if inmate does not overtly seek reversal of loss of good time credits).

7

However, a "version of events [that] negates the mental state necessary to support [a] conviction for aggravated battery of a peace officer . . . necessarily implies the invalidity of [a § 1983 plaintiff's] conviction." *Tolliver v. City of Chicago*, 820 F.3d 237, 244 (7th Cir. 2016) ("If Tolliver had conceded that he voluntarily and intentionally or knowingly drove towards the officers, or [] had even remained agnostic on who struck the first blow," *Heck* would not bar his excessive force claim); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) (explaining that where prisoner's excessive force claim arises from events for which prisoner was disciplined, prisoner must concede conduct consistent with disciplinary board findings to avoid running afoul of *Heck*); *see also Purnell v. McCarthy*, No. 14 C 2530, 2017 WL 478301, at *5 (N.D. Ill. Feb. 6, 2017) ("Plaintiff's steadfast insistence that he presented no danger to Defendants, and that they shot him without any justification for doing so, requires dismissal of that claim pursuant to *Heck*.").

Thus, while a plaintiff need not necessarily admit that the disciplinary findings regarding his behavior are correct, he may not espouse a version of events that is inconsistent (even by necessary implication) with a criminal conviction or disciplinary finding that has not been invalidated. *See Tolliver*, 840 F.3d at 244; *see also Moore*, 652 F.3d at 723-24 (explaining that plaintiff need not "confess" to any misconduct and may "remain 'agnostic' in his civil case about the findings in the criminal [] proceeding," but *Heck* bars even claims that "necessarily imply" invalidity of conviction); *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (holding that excessive force claim "is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction").

In *Moore*, the plaintiff alleged that, after several unprofessional or provoking exchanges instigated by a correctional officer, an uninvited hand reached over his shoulder, and he batted it away, only afterwards to discover that it belonged to the correctional officer. 652 F.3d at 724. He stood and then "was tackled from behind," complied with requests to refrain from resisting, and nevertheless was "bashed" in the head with a walkie-talkie brandished by a guard. *Id.* The Court held that, although the plaintiff, through that recitation, did not "totally and explicitly deny" disciplinary findings that he had previously repeatedly punched an officer in the face, he also "was not agnostic" to those findings. *Id.* In fact, the Court explained, "the allegation that he was tackled from behind shortly after standing up is most naturally understood as a denial that he struck the officer repeatedly, or for that matter at all, in the face and head," and "[t]he narrative leading up to the allegation of bashing with a walkie-talkie cannot be dismissed as irrelevant to the claim of excessive force." *Id.* After all, the story, as a whole, "denie[d] that the plaintiff was violent," which, in addition to being "inconsistent with the disciplinary board's finding," also "serve[d] to strengthen the plaintiff's claim of excessive force." *Id.*

Like the plaintiff's recitation of facts in *Moore*, Green's unwavering version of events is that he did nothing provocative throughout his fleeting singular arm-pulling tussle with Officer Ibarra, seeking only to free himself from Ibarra's unjustified and unyielding grasp. Far from remaining "agnostic" to the contrary findings within the disciplinary proceedings that he "yanked" Ibarra's arm through the chuckhole hard enough to cut Ibarra, Green espouses a version of events that paints himself as a helpless and blameless innocent victim abused after merely endeavoring to help Officer Ibarra remove a string from his chuckhole. Nor does anything in the record suggest a continuing chain of events, such that Green's story might refer to a distinct tussle and thus peacefully coexist with the disciplinary findings. Green's depiction

9

thus is irreconcilably inconsistent with the disciplinary findings that he heaved Officer Ibarra's arm through the chuckhole with enough force to injure him, even if, as Green insists, he ended up with more serious injuries than Ibarra did.[2] *Heck* therefore bars his excessive force claim. *See Moore*, 652 F.3d at 724-25 (explaining that implicit denial of facts related to underlying offense includes plaintiff portraying himself "as a lamb—the victim of a gratuitous, brutal attack"); *Teague v. Armstead*, 82 F. Supp. 3d 817, 827 (N.D. Ill. 2015) ("The factual basis for the relief [the plaintiff] seeks is, given *Heck*, implausible, for it is that the plaintiff was the victim of an utterly unprovoked assault, and while that conceivably is true, it is barred by *Heck*.").

Accordingly, Green's claim is dismissed without prejudice as *Heck*-barred. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (explaining that dismissal is appropriate after conflicting conviction); *Haywood v. Hathaway*, 842 F.3d 1026, 1028 (7th Cir. 2016) ("A dismissal under *Heck* and *Edwards* is without prejudice to litigation after a conviction or disciplinary sanction is annulled."); *see also Tripp*, No. 2:17-CV-00428-LJM-MPB, 2017 WL 4236571, at *2 ("[T]the claims in this action are dismissed without prejudice insofar as those claims are based on actions attributed to this defendant which resulted in the imposition of a sanction which lengthened the anticipated duration of the plaintiff's confinement.").

## B. Green's Request for Documents is Stricken

Finally, the Court acknowledges receipt of Green's first request for production of documents. Green does not argue that he required documents in order to counter Defendant's motion, *see* Fed. R. Civ. P. 56(d), and, in any event, the documents he requests ("prison" records, "use of force report," and any grievances, complaints or reports against Defendant, as well as

---

[2] (*See* Pl. Resp., Dkt. 49, pg. 1.) Green's injuries and the witness descriptions of Ibarra leaning away from Green's cell door are, notably, equally consistent with the disciplinary committee's findings that Green was the aggressor and yanked Ibarra's arm through the chuckhole, indicating that Ibarra's counter-pulling may be understood, given those findings, as his efforts to free himself from Green's grasp. (Def. SOF ¶ 7; Dkt. 45-5, pgs. 1-2; Dkt. 50.)

10

Green's medical records and pictures following the chuckhole dispute) seek additional support for his underlying argument that Ibarra used unreasonable force, rather than fodder to dispute Officer Ibarra's argument that such a claim is *Heck*-barred. Accordingly, Green's request (which was incorrectly docketed as a motion) is stricken as a pending motion.

## V.   Post-Judgment Options

Should Green wish to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). In that event, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Green could be assessed a "strike" under 28 U.S.C. § 1915(g). A prisoner who accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious or for failure to state a claim may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Green seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Green can file an appeal without bringing a motion to reconsider this Court's ruling. But if he wishes this Court to reconsider its judgment, he may file a motion under Federal Rules of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. Fed. R. Civ. P. 59(e). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). The time to file a Rule 59(e) or Rule 60(b) motion cannot be extended. Fed. R. Civ. P. 6(b)(2). A Rule 59(e) or Rule 60(b)

motion suspends the deadline for filing an appeal until the ruling on the motion, but only if the motion is filed within 28 days of the entry of judgment. Fed. R. App. P. 4(a)(4)(A)(iv) and (vi).

## VI. Conclusion

For the reasons stated, Defendant's motion for summary judgment [43] is granted. Plaintiff's excessive force claim against Officer Ibarra is dismissed without prejudice to renewal if and when the bar to suit is lifted. Plaintiff's first request for production of documents [50] is stricken as a pending motion. The Clerk is directed to enter final judgment accordingly. Any future dates are stricken.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: 2/13/ , 2018